IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHRISTIAN C. IBEAGWA, )
 )
 Plaintiff, )
 )
 v. ) No. 09 C 1267
 )
UNITED STATES OF AMERICA, )
 )
 Defendant. )

## OPINION AND ORDER

Plaintiff Christian Ibeagwa alleges he is entitled to refunds on his income tax returns for calendar years 1999, 2000, 2001, and 2002 based on net operating losses that he had in 1999 and can carry forward to the later years. The claims were denied as untimely. Defendant United States moves to dismiss this lawsuit for lack of jurisdiction on the grounds that both (a) the claims were untimely filed with the Internal Revenue Service ("IRS") and (b) this lawsuit was untimely filed.

After plaintiff answered the motion to dismiss, he moved to amend his complaint. Since defendant has not answered the Complaint, leave is not required to amend the complaint. Fed. R. Civ. P. 15(a)(1)(A). Leave is granted to amend the complaint. Plaintiff also filed a motion to further amend the complaint, seeking to add a few words that were omitted from the Amended

Complaint. The amendments to page 3 are permitted. The proposed revised page 4, however, does not correspond with page 4 of the Amended Complaint. The latter aspect of the further motion to amend will be denied. Plaintiff is granted leave to file the Amended Complaint, which is already in the record as Docket Entry [15], and it is deemed to have the corrections to page 3 contained in the motion to further amend. Defendant's motion to dismiss will be considered as to the Amended Complaint as further amended.

Since the timeliness issues raised by defendant are jurisdictional, defendant's motion to dismiss is pursuant to Fed. R. Civ. P. 12(b)(1). See Nick's Cigarette City, Inc. v. United States, 531 F.3d 516, 520-21 (7th Cir. 2008); Gessert v. United States, 627 F. Supp. 2d 942, 947 (E.D. Wis. 2009). On a Rule 12(b)(1) motion, facts and evidence outside the complaint may be considered and factual disputes may be resolved. Defendant, however, does not rely on any facts outside the complaint. Therefore, the facts alleged in the Amended Complaint will be taken as true.

Plaintiff's amended tax returns were filed on September 7, 2006, more than three years after the tax returns in question[1]

---

[1] At the same time, plaintiff also amended his 2003 and 2004 tax returns. Those claims for refunds apparently were not denied as untimely and are not a subject of the present lawsuit.

were due or filed, and more than two years after any payments had been made. Plaintiff contends these claims for refund were nevertheless timely because, from 2002 through 2005, he had vision problems that qualified as having a "financial disability" under 26 U.S.C. § 6511(h). In letters dated October 17, 2006, IRS denied the claims for refunds as untimely.[2] Plaintiff appealed within IRS. On February 27, 2008, plaintiff submitted a Form 2297 Waiver of Statutory Notification of Claim Disallowance. In a letter dated March 5, 2008, the appeal was denied. On March 21, 2008, plaintiff requested reconsideration of the decision on appeal. On February 27, 2009, plaintiff filed the present lawsuit. On February 29, 2009, plaintiff filed a second request to reconsider the decision on appeal, this time attaching medical records to support that he had vision problems. There has not yet been any decision on the reconsideration requests. Plaintiff contends the two-year period for filing his present lawsuit should be measured from the February 2008 filing of the Form 2297, not from the October 17, 2006 denial of his claims.

Ordinarily, a claim must be filed within three years from the date the return was filed or two years from the time the tax was paid, whichever was later. 26 U.S.C. § 6511(a). Plaintiff

---

[2] It is not alleged in the Amended Complaint nor alleged or asserted by defendant that the letters were sent by certified or registered mail.

implicitly concedes his claims were not filed within this time period. Section 6511(h)(1), however, provides that the running of the limitation period of § 6511(a) is suspended while an individual taxpayer is "financially disabled." "[A]n individual is financially disabled if such individual is unable to manage his financial affairs by reason of a medically determinable physical or mental impairment of the individual which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. An individual shall not be considered to have such an impairment unless proof of the existence thereof is furnished in such form and manner as the Secretary may require." 26 U.S.C. § 6511(h)(2)(A). An individual is not "treated as financially disabled during any period that such individual's spouse or any other person is authorized to act on behalf of such individual in financial matters." Id. § 6511(h)(2)(B).

Revenue Procedure 99-21, 1999-1 C.B. 960, sets forth the procedure for establishing financial disability. The Revenue Procedure requires that the following statements be submitted with the administrative claim for refund.

> (1) a written statement by a physician (as defined in § 1861(r)(1) of the Social Security Act, 42 U.S.C. § 1395x(r)), qualified to make the determination, that sets forth:
> (a) the name and a description of the taxpayer's physical or mental impairment;

(b) the physician's medical opinion that the physical or mental impairment prevented the taxpayer from managing the taxpayer's financial affairs;
(c) the physician's medical opinion that the physical or mental impairment was or can be expected to result in death, or that it has lasted (or can be expected to last) for a continuous period of not less than 12 months;
(d) to the best of the physician's knowledge, the specific time period during which the taxpayer was prevented by such physical or mental impairment from managing the taxpayer's financial affairs; and
(e) the following certification, signed by the physician:
I hereby certify that, to the best of my knowledge and belief, the above representations are true, correct, and complete.

(2) A written statement by the person signing the claim for credit or refund that no person, including the taxpayer's spouse, was authorized to act on behalf of the taxpayer in financial matters during the period described in paragraph (1)(d) of this section. Alternatively, if a person was authorized to act on behalf of the taxpayer in financial matters during any part of the period described in paragraph (1)(d), the beginning and ending dates of the period of time the person was so authorized.

Strict compliance with the Revenue Procedure is required. Nunn v. United States, 2009 WL 260803 *4 (W.D. Ky. Feb. 4, 2009).

Attached to plaintiff's Amended Complaint are a February 24, 2009 statement from the optometrist who examined him in 2002; a January 23, 2006 statement, apparently from the same optometrist; and an August 12, 2005 statement, not on letterhead, that plaintiff identifies as from an optometrist. There are also

declarations from plaintiff dated February 25, 2009, January 27, 2006, and August 11, 2005. Plaintiff does not allege that these statements were submitted with his IRS claims or with his appeal. Clearly, the 2009 optometrist statement and plaintiff's 2009 declaration were not submitted with the claims. They apparently were submitted with the second request to reconsider the IRS appeal. The 2006 declaration states that the 2005 declaration was submitted in support of a Form 1045[3] for the 2004 tax year and the 2006 declaration is a follow up with additional information. For purposes of ruling on the motion to dismiss, though, it will be assumed that the 2005 and 2006 statements and declarations were submitted with the IRS claims plaintiff filed in 2006.

The January 23, 2006 statement is on a Lenscrafters prescription form. The person signing the statement does not identify himself as an optometrist, though it apparently is the same person who signed the 2009 statement indicating he is an O.D. The statement is dated and lists plaintiff's full name on the prescription form. It states:

> Mr. Ibeagwa was seen for an eye exam
> 2/2/2002. Chief complaint was blurry vision
> distance and near. Mr. Ibeagwa had no
> glasses at this time (current pr was lost

---

[3]Form 1045 is a form for applying for a quick tax refund related to a net operating loss carryback and some other situations.

according to patient). Examination revealed
w/correction, vision of 20/20 dist and near
was achieved. General testing and
investigation revealed no other problems.
Mr. Ibeagwa was advised to return for annual
eye exams at that time.

The August 12, 2005 statement is addressed "To Whom It May Concern" and signed by James Ross, who does not state any title or position. It is typed on a blank piece of paper. It states: "On February 2, 2002 Mr. Christian Ibeaqwa [sic] was examined at Lenscrafters. He was diagnosed with Compound Myopic Astigmatism and Presbyopia. Glasses were prescribed for constant wear and annual exams were recommended."

The 2005 and 2006 declarations of plaintiff include the following. Plaintiff states that the two statements that accompany his declarations are from doctors of optometry. He states that, although glasses were prescribed, he did not obtain new glasses so his vision was not corrected. Although not fully supported by the statements of the optometrists, plaintiff describes his medical condition as: "since the month of April 2, 2002 through June 21 of 2005 had been intermittently or for a period less than 12 months diagnosed and treated for vision or sight related problems such as double vision or diplopia, is one of the most troublesome visual disorders patient can experience; the ability to read, walk and perform common activities is suddenly disrupted and ptosis or blepharoptosis, a dropping of

eyelids in which the border of the upper eyelids fall to a lower position than normal or as a result can cover all or part of the pupil and interfere with vision such that it rendered declarant unable to manage his financial affairs." He also states that no spouse or other person was authorized to handle his financial affairs.

The physician statements[4] that are assumed to have been submitted in 2006 do not meet the requirements of Revenue Procedure 99-21. Neither statement contains the certification set forth in § 1(e) of the Revenue Procedure. Both state that plaintiff's vision problem is correctable and give no indication of any conditions other than those seen when plaintiff was examined in February 2002. Neither statement contains a medical opinion that plaintiff could not manage his financial affairs.

Since plaintiff did not satisfy the requirements of the Revenue Procedure, the running of the statute of limitations was not suspended. Therefore, the claims for refund were untimely and this court lacks jurisdiction to consider them. The motion

---

[4]Revenue Procedure 99-21 is ambiguous as to whether a doctor of optometry qualifies as a physician under this Procedure. The Procedure inconsistently cites to "§ 1861(r)(1) of the Social Security Act, 42 U.S.C. § 1395x(r)." If limited to subsection (r)(1), doctors of optometry are not included. If the Procedure intended to include all those listed in subsection (r), then doctors of optometry are included since they are listed in subsection (r)(4). It is assumed the broader definition was intended.

to dismiss will be granted. It is unnecessary to also reach the question of whether the lawsuit would also be untimely because not filed within two years of the denial of the administrative claim.

IT IS THEREFORE ORDERED that plaintiff's motion to amend [14] is granted. Plaintiff's motion to further amend [17] is granted in part and denied in part. The amended complaint [15] that has been docketed is the pending complaint and page 3 of the amended complaint is deemed to have been modified. Defendant's motion to dismiss [9] is granted. The Clerk of the Court is directed to enter judgment in favor of defendant and against plaintiff dismissing plaintiff's cause of action without prejudice for lack of subject matter jurisdiction. If plaintiff wishes to appeal this order, he must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit with the Clerk of the Court, United States District Court for the Northern District of Illinois, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604, within sixty (60) days of the entry of the judgment in this case.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: SEPTEMBER 30, 2009